IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ABDUL GAITHER, #194 925, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12-CV-181-TMH |
| ) | [WO] |
| ALA. DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate incarcerated at the Kilby Correctional Facility ["Kilby"], challenges the adequacy of medical treatment provided to him after he made complaints to medical personnel of chest pains and shortness of breath. Plaintiff names Corizon, Inc., Dr. Michael Robbins, Valencia Lockhart, Dallas Diaz, and the Alabama Department of Corrections as the defendants in this cause of action.[1]

Defendants filed a special report and supporting evidentiary materials addressing Plaintiff's claims for relief. In these documents, Defendants assert that the complaint is due to be dismissed because Plaintiff failed to exhaust an administrative remedy available to him through the prison system's medical care provider, Corizon, Inc., prior to initiation of this case. In addition, Defendants maintain, and the evidentiary materials, including

---

[1] Pursuant to the prior proceedings and orders of the court, this action is proceeding on the amended complaint filed by Plaintiff on March 15, 2012. *See* Doc. Nos. 3, 5.

Plaintiff's medical records, indicate that Plaintiff received appropriate medical treatment during the period of time relevant to the matters alleged in the instant complaint. *See Doc. No. 14, Lockhart, Robbins, Diaz Affidavits, & Exh. A*.

Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat Defendants' report as a motion to dismiss. *Doc. No. 18*; *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (citations omitted) ("[A]n exhaustion defense - as in [this] case - is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'"). Thus, this case is now pending on Defendants' motion to dismiss and Plaintiff's opposition thereto. *Doc. Nos. 14, 19*. Upon consideration of motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition, the court concludes that Defendants' motion to dismiss is due to be granted.

## II. STANDARD OF REVIEW

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant,* 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id.*

(citing *Bryant,* 530 F.3d at 1373–74, 1376)." *Myles v. Miami-Dade County Correctional and Rehabilitation Dept.*, 476 Fed.Appx. 364, 366 (11th Cir. 2012). Defendant bears the burden of proof during this second step. *Turner*, 541 F.3d at 1082.

### III.  DISCUSSION

*A. Failure to Exhaust*

Plaintiff challenges the adequacy of medical care he received while incarcerated at Kilby in June of 2010. Specifically, Plaintiff maintains that Defendant Lockhart ignored his request for medical attention based on his complaints of chest pain and shortness of breath and sent him back to his dorm with cold medication. *Doc. No. 5*. In response to the complaint, Defendants deny that they provided Plaintiff with constitutionally inadequate medical care and further argue that this case is subject to dismissal because Plaintiff failed to exhaust the administrative remedy provided by the institutional medical care provider prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). As explained, federal law directs this court to treat Defendants' response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion. *Bryant*, 530 F.3d at 1375.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to

prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90-91, 93. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot

4

"satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id*. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. Appx. 81, 83 (11th Cir. 2012) (*per curiam*). Even where an inmate litigant "attempt[s] to amend or supplement his original complaint" regarding efforts at subsequent exhaustion, it does "not change the important historical fact: his administrative remedies were unexhausted when he filed his original complaint. Therefore, he cannot cure the exhaustion defect." *Id*.

Plaintiff challenges the adequacy of medical care he received while incarcerated at Kilby. The record in this case is undisputed that the health care provider for the Alabama Department of Corrections provides a grievance procedure for inmate complaints related to the provision of medical treatment. *Doc. No.14, Diaz Affidavit*. Defendants submitted evidence which reflects that when inmates are processed into the custody of the Alabama Department of Corrections they are informed of the process and procedure for obtaining medical care and medication and are also educated about the availability of the medical

grievance process whereby they may voice complaints regarding any medical treatment sought or received during their incarceration. *Id*. Inmate grievance forms are available to inmates at Kilby for the purpose of submitting a grievance related to the provision of health care, inmate grievances are answered within ten working days of receipt of the grievance, and the inmate grievance form provides information about how an inmate may appeal the response he receives to his initial inmate grievance. *Id*. A written response to a formal grievance appeal is provided in approximately ten working days of receipt. *Id*. Inmates are provided with a copy of the completed grievance and/or grievance appeal containing the health service administrator's response. *Id*. Defendants state that "[t]hough the grievance process was available to Mr. Gaither throughout his incarceration at Kilby, he never utilized th[e grievance] process or filed any informal or formal grievance of any kind." *Id*.

The court granted Plaintiff an opportunity to respond to the exhaustion defense raised by Defendants in their motion to dismiss. *Doc. No. 18*. In his response Plaintiff does not deny that he is required to exhaust administrative remedies or that an inmate grievance procedure is available at Kilby for complaints regarding an inmate's medical care and treatment. Plaintiff asserts, however, that he "exhausted all available administrative remedies" and made several complaints about his medical condition "as well as a medical grievance," but argues Defendant Diaz "never presented [him] with any copy of his grievance against the medical staff." *Doc. No. 19* at 2, 4. He further maintains that there is "no orientation process for educating inmates as to the grievance process." *Id*. Although

Plaintiff's and Defendants' allegations conflict, Plaintiff's allegation that he was impeded in his effort to exhaust administrative remedies is assumed to be true for purposes of this Recommendation. *Turner v. Burnside*, *supra*.

The court turns to the second *Turner* step where Defendants bear the burden of establishing a lack of exhaustion. Defendants assert that upon arriving at an ADOC facility, inmates are informed of procedures and processes for obtaining medical care and medication which includes an inmate's ability to invoke and participate in a grievance process. *Doc. No. 14, Diaz Affidavit*. Part of this orientation process includes providing inmates with a form entitled "Access to Healthcare Services." *Id*. Defendants' evidence reflects that Plaintiff acknowledged in writing that he read the "Access to Healthcare Services" information sheets, that he had been provided a copy of the document, and that he understood how to access the facility's provision of health care. *Id. Exh. A, Part I* at 3. Plaintiff's medical records reflect that he filed numerous sick call requests. *Id. Exh. A, Part I & II*. A search of these records, however, fails to show that Plaintiff filed a grievance or complaint of any kind regarding his medical care. *Id. Diaz Affidavit, Exh. A, Parts I-IV*.

Plaintiff submitted an unsworn response to Defendants' motion to dismiss stating he was not educated about the grievance process but further stating he fully exhausted available administrative remedies. *Doc. No. 19*. He further asserts he "made" complaints about his medical condition, including a written grievance which was not returned to him, but otherwise provides no information regarding when he filed the grievance, to whom he gave

7

the grievance, or the actual subject of the grievance. Plaintiff's own statements contradict his arguments. The court, therefore, finds that a grievance system is available at the institution for Plaintiff's claims, but he failed to exhaust the administrative remedy available to him. Accordingly, Defendants' motion seeking dismissal for Plaintiff's failure to exhaust available administrative remedies should be granted, and such dismissal should be without prejudice. *See Ngo*, 548 U.S. at 87-94; *Bryant*, 530 F.3d at 1374-1375 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice);*Woodford*, 548 U.S. at 87-94.

*B. The Alabama Department of Corrections*.

Plaintiff names the Alabama Department of Corrections as a defendant. The Alabama Department of Corrections is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought*. Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Plaintiff's complaint against the Alabama Department of Corrections is, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). *Id*.

## IV.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. The motion to dismiss filed by Defendants Corizon, Inc., Robbins, Lockhart, and Diaz (*Doc. No. 14*) be GRANTED to the extent these Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy prior to filing

this case;

2.  This case be DISMISSED without prejudice against Defendants Corizon, Inc., Robbins, Lockhart, and Diaz under 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy.

3.  Plaintiff's complaint against the Alabama Department of Corrections be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

4.  No costs be taxed herein.

It is further

ORDERED that on or before **May 30, 2014,** the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon the grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of May, 2014.

                                      /s/Charles S. Coody
                                 CHARLES S. COODY
                                 UNITED STATES MAGISTRATE JUDGE